```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

KIMBERLY D. CHAPMAN,

    Plaintiff,

v.                              CASE NO:   8:09-cv-1835-T-33TGW

DEPUY ORTHOPEDICS, INC.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court pursuant to Defendant DePuy Orthopaedics, Inc.'s Motion for Summary Judgment (Doc. # 32). Plaintiff Chapman filed a Response in opposition thereto (Doc. # 36) and Defendant DePuy, with leave of Court, filed a Reply (Doc. # 43).

## **I.  Standard of Review**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006).  The moving party bears the initial burden of

showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

**II.  Background**[1]

This is a products liability action in which Chapman alleges damages based upon a May 1995 hip-replacement procedure.  Chapman has suffered from congenital problems in her right hip throughout her life.  In May 1995, after two previous surgeries and a hip replacement, Chapman underwent a second hip replacement procedure.  Eleven-and-a-half years later, in late 2006, a component (the femoral stem) implanted in May 1995 developed a fatigue fracture.  As a result, Chapman had another hip surgery performed in February 2007. She brought this action in June 2009 alleging that the hip component implanted in May 1995 was negligently designed and

---

[1]Chapman does not contest the facts and background as set forth by DePuy in its Motion for Summary Judgment and, as such, these facts are undisputed.

2

negligently manufactured.

### III.  Motion for Summary Judgment

DePuy argues that Chapman's claims fail because they are untimely and unsupported.  Specifically, DePuy asserts that because all of the relevant medical procedures in this case occurred in Virginia and because this case's only connection to Florida is that Chapman moved to Florida before the device fatigued, Virginia law controls Chapman's claims and bars them as untimely under its two-year statute of limitations.  DePuy also argues that Chapman has failed to disclose any expert or to serve an expert report as required by Rule 26(a) and this Court's pretrial orders and that Chapman's claims are, therefore, unsupported.

Chapman contends that Florida's four-year statute of limitations applies to this action and the action was filed within the statute of limitations.  Further, Chapman argues that she needs additional time to conduct discovery and provide expert witness disclosure.

In order to determine which state's statute of limitations to apply, this Court looks to Florida's choice-of-law rules.  Florida applies the "significant relationship" test in tort cases as delineated in § 145 of the Restatement

3

(Second) of Conflicts of Laws.[2]  <u>Grupo Televisa, S.A. v. Telemundo Communs. Group, Inc.</u>, 485 F.3d 1233, 1240 (11th Cir. 2007)(citing <u>Bishop v. Fla. Specialty Paint Co.</u>, 389 So. 2d 999, 1001 (Fla. 1980)).  As such, this Court considers several factors to find the state with the most significant contacts in relation to the occurrence and to the parties, with due regard for the policies underlying each of the competing state's pertinent laws.  <u>Pycsa Panama, S.A. v. Tensar Earth Techs., Inc.</u>, 625 F. Supp. 2d 1198, 1218 (S.D. Fla. 2008)(citing <u>Nelson v. Freightliner, LLC</u>, 154 F. App'x 98, 102-03 (11th Cir. 2005); <u>Proprietors Ins. Co. v. Valsecchi</u>, 435 So.2d 290, 294 (Fla. 3d DCA 1983)).

A comprehensive conflict-of-law analysis is required if the case involves a true conflict between the jurisdictions with an interest in the case.[3]  "A true conflict exists when

---

[2] Section 145 provides:
The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
Restatement 2d of Conflict of Laws, § 145.

[3] A "false conflict" exists where the laws of the interested jurisdictions are (1) the same; (2) different but would produce the same outcome under the facts of the case; or, (3) when the policies of one jurisdiction would be furthered by the application of its laws while the policies of

4

'two or more states have a legitimate interest in a particular set of facts in litigation and the laws of those states differ or would produce a different result.'" Id. at 1219 (quoting Walker v. Paradise Grand Hotel, Ltd., No. 01-3564, 2003 WL 21361662, *2-3 (S.D. Fla. Apr. 25, 2003)). The Court finds that issues of liability and damages for patients that receive medical care and products in Virginia, from Virginia physicians, and then continue to treat with those physicians in Virginia, give Virginia a legitimate interest in this case and its result.

Having determined that this case involves a true conflict, the Court turns to the four contacts that should be considered in applying the choice-of-law principles of § 6 of the Restatement. Telemundo, 485 F.3d at 1240. The four

---

the other jurisdiction would not be advanced by the application of its laws. Tune v. Philip Morris Inc., 766 So.2d 350, 352 (Fla. 2d DCA 2000). Chapman argues that there exists a false conflict in this case as Virginia has no interest in having its statute of limitations applied to the instant case. Chapman argues that the component that is the subject of this litigation was not manufactured in Virginia, nor are any Virginia retailers, manufacturers, citizens, or other defendants present in this case. Chapman submits that the only state interest involved in this case is Florida's interest in availing its citizens of access to the courts and the redressing of their grievances. This Court disagrees. As addressed more fully in the significant relationship test analysis below, Virginia has the most significant relationship to this dispute and a legitimate interest in this particular set of facts.

5

contacts to be considered are: "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and, (d) the place where the relationship, if any, between the parties is centered." Restatement 2d of Conflict of Laws, § 145(2). These contacts are to be evaluated according to their relative importance with respect to the particular issue. Id.; Telemundo, 485 F.3d at 1240.

"The state where the injury occurred would, under most circumstances, be the decisive consideration in determining the applicable choice of law." Bishop, 389 So.2d at 1001. However, it is also true that "the state where the injury occurred may have little actual significance for the cause of action," and that "[o]ther factors may combine to outweigh the place of injury as a controlling consideration." Id.

Chapman's injury (the fatigue fracture of the artificial hip stem detected on December 4, 2006) occurred in Florida. The place of DePuy's injury-causing conduct lacks any relationship to Florida. Instead, the device's design or manufacture occurred in Indiana where DePuy is located. The delivery and sale of the product at issue occurred in Virginia. The parties' residence/domicile/place of business

6

is Florida for Chapman and Indiana for DePuy. Chapman was a resident of Virginia at the time of the 1995 surgery/product delivery at issue. Finally, although the parties had no true direct relationship, the contact that did occur between Chapman and DePuy was when she received implantation of a DePuy product in Virginia.

The Court finds that the place where the injury occurred is little more than happenstance under the circumstances presented here. See Celotex Corp. v. Meehan, 523 So.2d 141 (Fla. 1988)(holding that the diagnosis in the second state was insufficient to give rise to the most significant relationship; instead, the most significant relationship was with the state of exposure and interaction with the defendant); Futch v. Ryder Truck Rental, Inc., 391 So.2d 808, 809 (Fla. 5th DCA 1980)(place of injury was "pure happenstance" and did not control); see also Nance v. Eagle Picher Indus., 559 So.2d 93, 94 (Fla. 3d DCA 1990)(applying Virginia law when "[t]he only relationship between Florida and the cause of action was that the injury manifested itself and was discovered in [Florida]"). The device implanted in 1995 was purchased and delivered in Virginia. Chapman was a resident of Virginia at the time of the implantation in 1995. All of Chapman's prior hip-related treatment occurred in

7

Virginia.  For years following the 1995 implant, Chapman's follow-up care occurred in Virginia.  Even after Chapman moved to Florida and started treating with a Florida physician in 2000, that physician continued to send Chapman's x-rays to Dr. Engh, Sr. in Virginia for review and analysis.  Upon detection of Chapman's fatigue fracture of the artificial hip stem in Florida in 2006, Chapman returned immediately to Virginia to treat the injury.  The treatment continued through the surgery in February 2007 and thereafter.  The only significant contact with Florida is that the injury manifested itself and was discovered in Florida.

The Court finds that Virginia, the state where the product was delivered and where all the significant medical services were rendered, has a greater interest in applying its law to determine the duties and liabilities arising from those activities than Florida.  Compared with Virginia's contacts, Florida has "little actual significance for the cause of action," and the other factors displace the place of injury as the "controlling consideration."  <u>Bishop</u>, 389 So.2d at 1001.

Having found Virginia law to be applicable, the Court finds further that Chapman's claims fail as Virginia's two-

year statute of limitations bars Chapman's action.[4] Va. Code Ann. § 8.01-243(A). Under Virginia law, the cause of action accrues under tort law on the date that the injury is sustained. Smith v. Danek Med., Inc., 47 F. Supp. 2d 698, 701 (W.D. Va. 1998)("the limitations period begins to run when the injury, no matter how slight, is sustained"). The date that the plaintiff discovers the injury is immaterial to the running of the statute. Id. The latest possible date that Chapman's claims accrued is December 4, 2006, when x-rays noted the fatigue fracture in the femoral stem. Chapman did not file suit until June 22, 2009. As a result, her claims are time barred.

## IV. Conclusion[5]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

---

[4] For choice-of-law purposes, the statute of limitations is substantive, not procedural. See Castillo v. Cessna Aircraft Co., No. 08-21850-CIV, 2010 WL 1687750, at *4-5 (S.D. Fla. Apr. 26, 2010). Thus, the same significant relationship test is used to determine which state's statute of limitations applies. See Merkle v. Robinson, 737 So.2d 540, 542 (Fla. 1999)("treating statute of limitation choice of law questions the same as 'substantive' choice of law questions").

[5] Because Chapman's claims are barred by Virginia's two-year statute of limitations, this Court need not address DePuy's arguments that Chapman's claims are unsupported due to the lack of expert reports or Chapman's request for additional time for expert discovery.

Defendant DePuy Orthopaedics, Inc.'s Motion for Summary Judgment (Doc. # 32) is **GRANTED**.  The Clerk is directed to enter judgment in favor of Defendant and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of January, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE